139 N.J. Super. 301 (1976)
353 A.2d 555
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
WILLIAM TAYLOR, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued February 10, 1976.
Decided February 23, 1976.
*303 Before Judges KOLOVSKY, BISCHOFF and BOTTER.
Mr. Robert John Rudy, Jr., designated counsel, argued the cause for appellant (Mr. Stanley C. Van Ness, Public Defender of New Jersey, attorney).
Mr. Michael A. Graham, Deputy Attorney General argued the cause for respondent (Mr. William F. Hyland, Attorney General of New Jersey, attorney).
PER CURIAM.
In a trial by jury defendant was convicted of murder in the second degree (N.J.S.A. 2A:113-2), having killed his paramour Marie Arrington by stabbing. He was sentenced to the New Jersey State Prison for a term of 5 to 20 years. Defendant appeals, contending that (1) despite the stipulation signed by defendant, the trial judge *304 committed plain error by admitting into evidence the results of a polygraph examination of the State's key witness, and (2) his sentence is manifestly excessive.
Prior to the trial Beatrice Scott, the only eyewitness to the murder, agreed to take a polygraph test. Defendant, his counsel and the prosecutor entered into a written stipulation which provided that if the results were not inconclusive as to the truthfulness of Scott's responses, "the results of the polygraph examination, in the form of an opinion by the examiner, may be offered in evidence on behalf of the defendant or on behalf of the prosecution." Scott took the polygraph test and, without defense counsel interposing the objections now raised, the examiner was allowed to testify about the examination and he stated that Scott's answers were truthful. On this appeal defendant now argues that this evidence should have been excluded because (a) stipulations as to the results of a polygraph test "apply only to" defendants and should not apply to witnesses; (b) the admission of the evidence violated Evid. R. 20, since it was offered to support the credibility of the witness, and (c) the polygraph test was unreliable in the case at hand. We find no merit to these contentions.
Stipulations for the admissibility of a defendant's polygraph test results will be given effect. State v. McDavitt, 62 N.J. 36, 46 (1972). The stipulation in the case at hand provided that it was freely and voluntarily made with full knowledge of defendant's right to refuse. We see no reason why such a stipulation should not be enforced with regard to the admissibility of polygraph tests taken by witnesses as well as a defendant, and we do not read State v. McDavitt as precluding the use of polygraph examinations of witnesses. The stipulation implies the belief of each party that the testimony of the witness is important and that the polygraph examination may be beneficial to either party in the search for the truth. Thus we conclude that a valid stipulation should be enforced whether it applies to a witness or a defendant. See State v. Stanislawski, 62 Wis.2d 730, 216 N.W.2d 8 *305 (Sup. Ct. 1974), where the Wisconsin Supreme Court, citing McDavitt, held that the results of polygraphs taken by both the defendant and the State's key witness would be admitted at trial if so provided by written stipulation. Cf. State v. Cole, 131 N.J. Super. 470, 472 (App. Div. 1974).
Defendant next contends that admission of the results of Scott's polygraph examination violates Evid. R. 20 which provides in part that "No evidence to support the credibility of a witnesss shall be admitted except to meet a charge of recent fabrication of testimony." Obviously, the stipulation that the prosecution could offer the results of the polygraph test into evidence "for use against defendant" was intended to permit such testimony in order to bolster the credibility of its key witness. The provisions in the stipulation would have no meaning if they did not act as a waiver of the rule of evidence which normally prohibits the introduction of evidence merely to support the credibility of a witness.
Defendant also contends that the test should have been rejected as inherently unreliable because the evidence showed that the witness had been drinking on the night she observed defendant stab the victim. However, this is an objection which cannot be raised for the first time on appeal. R. 1:7-2; R. 2:10-2; State v. Hill, 47 N.J. 490, 499 (1966). This possible defect in the reliability of the polygraph examination should have been considered before the stipulation was entered into, or it should have been explored through cross-examination of the polygraph expert. The polygraph examiner testified; his qualifications were stated and had been admitted by the terms of the stipulation; the stipulation also called for instructions to the jury that the test results and the examiner's opinion were not conclusive as to the credibility of the witness and that the jury should decide what weight and effect should be given to such evidence. It is far too late in the proceedings to ask this court, without this objection having been urged below, to decide independently whether or not the test of this witness was reliable. Moreover, we note that there was persuasive evidence of defendant's *306 guilt apart from the eyewitness testimony. The weight to be given to that testimony was for the jury, regardless of the bolstering effect of the polygraph evidence. Clearly, "plain error" has not been shown. State v. Macon, 57 N.J. 325, 336-341 (1971).
With respect to the sentence imposed, despite defendant's prior good record, we cannot say that the 5 to 20-year term imposed was excessive and an abuse of discretion for this willful murder. State v. Tyson, 43 N.J. 411, 417 (1964), cert. den. 380 U.S. 987, 85 S.Ct. 1359, 14 L.Ed.2d 279 (1965).
Affirmed.